UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DARRLE HARRIS,<br><br>    Defendant. | Case No. 24-20707<br>Honorable Laurie J. Michelson |

**ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [3]**

Darrle Harris pled guilty in the Eastern District of Tennessee to one count of conspiracy to possess with intent to distribute controlled substances. *United States v. Harris*, No. 19-56 (E.D. Tenn. Apr. 2, 2019), ECF No. 27. He admitted to leading "a group of individuals bringing heroin and fentanyl from the Michigan area into the Eastern District of Tennessee with the objective of selling those drugs" in that District. (*Id.* at PageID.1638.) On December 20, 2021, Harris was sentenced to 70 months' imprisonment and a four-year term of supervised release. (*Id.* at ECF No. 340.) While incarcerated, Harris successfully completed the residential drug abuse treatment program and continued to do well during transition time at a half-way house.

Ultimately, Harris' supervision was transferred to the Eastern District of Michigan. (ECF Nos. 1, 2.) He has served nearly two years and has made real progress in turning his life around. Or, as he describes it, he has "taken significant steps to

establish a stable and productive life." (ECF No. 3, PageID.10–11.) Harris advises that he reunited with his family, started a rental car business, and mentors youth in his community. (*Id.* at PageID.10–11.) Thus, Harris submitted a request for early termination of his supervised release. (ECF No.3.) The government opposed the request. (ECF No. 6.) The government lauds Harris' employment efforts, but does not think they justify or require early termination. (*Id.*)

The Court agrees that Harris' efforts are commendable and bode well for his future. But given the seriousness of the underlying offense, the length of the sentence, and the fact that Harris' supervised release conditions do not pose a hardship to his daily life, a little more time under supervision would be beneficial. Thus, Harris' motion is DENIED WITHOUT PREJUDICE.

## I.

After a defendant has served at least one year, the court may terminate a term of supervised release if it is satisfied that termination is "warranted by the conduct of the defendant" and in the "interest of justice." 18 U.S.C. § 3583(e)(1). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). In making this determination, the statute directs the court to consider many of the same § 3553(a) factors that were considered in imposing the initial sentence, including the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, protection of the public, and the

need to provide the defendant with training, medical care, or other correctional treatment. *Id*. The Sixth Circuit has recently ruled that "§ 3583(e)(1) does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration." *United States v. Hale*, 127 F.4th 638, 642 (6th Cir. 2025).

## II.

Following his release from the halfway house on June 13, 2023, Harris reunited with his ex-wife and children and has a stable home-life. (ECF No. 11, PageID.11.) He is self-employed and rents cars through a car sharing website. This has provided a sustainable income. (*Id*.) Through his friendship with the Detroit Fire Commissioner, Harris works to support young people in their journey through the fire academy. (*Id*.) The Court has conferred with Harris' supervising probation officer who confirms this information as well as Harris' compliance with his conditions of supervision and lack of any new criminal activity. She also advises that Harris' Post Conviction Risk Assessment is low-moderate risk.

As the government points out, however, "Harris provides no explanation for how the terms of his supervision have hindered his ability to continue to build his business and reintegrate into the community. Instead, it appears that the conditions of his supervision are helping him to continue his rehabilitation." (ECF No. 6, PageID.22.) In other words, Harris is doing what is expected of him and supervision is providing the benefits expected of it. *See, e.g.*, *United States v. English*, No. 19-20164, 2025 U.S. Dist. LEXIS 16243, at *3–4 (E.D. Mich. Jan. 29, 2025) ("While

3

English's compliance is admirable and appropriate, his prior criminal history as well as the fact that he received a substantial reduction in his custody term . . . suggest that continued supervision would be in the best interest of justice. His conditions are not burdensome and permit that his conduct may be monitored to assure his compliance.").

The Court is also mindful that the early termination analysis requires consideration of some of the § 3553(a) factors. Harris was convicted of a serious drug offense conspiracy involving numerous defendants and in which he was a leader. The judge presiding over the case undoubtedly imposed a four-year term of supervised release "for valid reasons," including to ensure adequate deterrence, protection of the public, and correctional treatment for Harris. *See United States v. D'Anna*, No. 13-20119, 2020 U.S. Dist. LEXIS 24150, at *2 (E.D. Mich. Feb. 12, 2020). Thus, the Court agrees with the government that a longer track record of compliance is needed.

### III.

For these reasons, the Court finds that the interests of justice and relevant sentencing factors favor continuation of supervised release at this time. Accordingly, Harris' motion to terminate supervised release early (ECF No. 3) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: April 14, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE